MICHELE MANGIONE, Respondent, v. GENERAL RAILWAY SIGNAL COMPANY, Appellant.— On reargument, order affirmed, with ten dollars costs and disbursements. (See *Chippona* v. *General Railway Signal Co.*, 249 App. Div. 255.) All concur. (The order grants plaintiff discovery and inspection of defendant's plant in an action for personal injuries sustained by contracting silicosis.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ. [See 248 App. Div. 847; 249 id. 921.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCES SOWINSKI and Others, Defendants, and JOSEPH SERRIANNI, Appellant.— Judgment of conviction affirmed. Memorandum: In affirming this judgment we do not put our stamp of approval upon the summation of the district attorney. All concur, except Sears, P. J., and Lewis, J., who dissent and vote for reversal and for granting a new trial on the law and facts on the ground that the determination that there was in the record competent testimony other than given by accomplices tending to connect the appellant with the commission of the crime was contrary to the evidence and not established beyond a reasonable doubt, and on the further ground that the summation of the district attorney was prejudicial to the rights of the appellant. (The judgment convicts the appellant of the crime of arson in the second degree.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL L. GEISELMAN, Appellant, v. WILLIAM HUNT, as Warden of Attica Prison, Respondent.— Order affirmed, without costs. All concur. (The order dismisses a writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

STEWART E. STARK, Respondent, v. ARTHUR B. RIKER, Doing Business under the Assumed Name and Style of RIKER's " 444 " GARAGE, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event. All concur. (The order denies motion to change the place of trial in a negligence action.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

In the Matter of the Judicial Settlement of the Accounts of VERA DANNER, Administratrix, etc., of MELDRUM I. DANNER, Deceased.— Decree affirmed, with costs. All concur. (The decree directs payment of a claim in a proceeding for judicial settlement of the accounts of the administratrix.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

In the Matter of the Estate of WILHELMINA S. BERNHARDT, Deceased.— Decree affirmed, with costs. All concur. (The decree directs delivery of bond and mortgage to petitioners in a proceeding brought to obtain possession thereof.) Present — Edgcomb, Thompson, Crosby, Lewis and Cunningham, JJ.

NELLIE OSTROMSKI, as Administratrix, etc., of JOSEPH OSTROMSKI, Deceased; Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the facts and for granting a new trial. (The judgment is for plaintiff in an action upon two life insurance policies. The order denies motion for a new trial upon the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.